IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GRAHAM, Jr., # 432985, and BLOCK AA,[1] | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 15-cv-01114-NJR ) |
| RICHARD WATSON, PHILLIP McLAURIN, and UNKNOWN PARTY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. Plaintiff Tyrone Graham, Jr., is currently detained at St. Clair County Jail ("the Jail"). Proceeding *pro se*, he filed a complaint pursuant to 42 U.S.C. § 1983 against numerous St. Clair County officials. In the complaint, Plaintiff Graham alleges that all "Block AA Offenders" have endured unconstitutional conditions of confinement at the Jail since August 11, 2015. (Doc. 1, p. 5). On that date, thirty offenders were moved from Block AA to the gym when a light broke in their cell block. They have since been forced to share a single toilet and eat and sleep amidst pests on the gym floor. (*Id.*). Plaintiff seeks an Order requiring the Jail to return the Block AA Offenders to their cell block "with better living conditions." (*Id.* at 6).

This action appears to involve more than one plaintiff. Plaintiff Graham signed the complaint. (*Id.*). He also signed and filed a motion for leave to proceed *in forma pauperis* ("IFP motion") (Doc. 2) and a motion for recruitment of counsel (Doc. 3). But the case caption

---

[1] "Block AA" is named as a plaintiff in the case caption of the complaint but not on the docket sheet in CM/ECF. The **CLERK** will be **DIRECTED** to **ADD** "Block AA" as a plaintiff in this action.

also lists "Block AA" as a plaintiff. (Doc. 1, p. 1). The narrative portion of the complaint is written in third person (*Id*. at 5), and the request for relief pertains to all Block AA Offenders. (*Id*. at 6). Along with the complaint, Plaintiff Graham filed a "petition" dated August 19, 2015, that refers to Major McLaurin as a "Defendant" and is signed by nineteen individuals who are referred to as "Plaintiff AA Offenders." (Doc. 1-1, p. 1). Plaintiff Graham also filed a letter dated September 1, 2015, which indicates that the Block AA Offenders would like to file a lawsuit together to address the conditions of their confinement at the Jail. (Doc. 1, p. 7). The complaint appears to be just that.

Given the above facts, the Court cannot rule out the possibility that this action involves up to thirty plaintiffs. The Court will not proceed with its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A until Plaintiff Graham and any other plaintiffs who wish to proceed together in this action address this issue. When deciding whether to proceed together in a single action, all potential plaintiffs should consider the following:

### Group Litigation by Multiple Prisoners

Multiple plaintiffs may bring their claims jointly in a single lawsuit if they so desire. Before the Court allows them to proceed together, however, the Court must admonish them as to the consequences of proceeding in this manner--including their filing fee obligations--and give each of them the opportunity to proceed together in this case or proceed in a separate action.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria for permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the *full* amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* **In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.**

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are thirty plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers in the case will be thirty times greater than if there is a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs,

each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take this into account in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Block AA Offenders, other than Plaintiff Graham, whom it designates as the "lead" Plaintiff[2] in this case, an opportunity to notify the Court of their intentions to proceed together with Plaintiff Graham in this action or not (*i.e.*, by bringing a separate action or no action at all). Each potential plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies

---

[2] The Court notes that Plaintiff Graham is the only named plaintiff in the case caption (Doc. 1, p. 6) and the only individual who signed and filed an IFP motion (Doc. 2) and a motion for recruitment of counsel (Doc. 3).

for indigent status under §§ 1915(b) or (g).[3]

In addition, if a Block AA Offender who has already signed the "petition" wishes to continue this litigation as a group, it is not necessary to file an amended complaint with all of the plaintiffs' signatures because the "petition" is considered part of the complaint. That being said, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[4] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Pending Motion

The Court **RESERVES RULING** on Plaintiff Graham's motion for recruitment of counsel (Doc. 3).

### Disposition

The **CLERK** is **DIRECTED** to **ADD** "Block AA Offenders" as a plaintiff on the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that each "Block AA Offender" (other than Plaintiff Graham) shall advise the Court in writing on or before **December 7, 2015**, whether he wishes to

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

continue as a plaintiff in this group action. If, by that deadline, any non-lead plaintiff has not communicated with the Court or has indicated in writing that he does not wish to participate in this action, he will *not* be considered a party to this action and will *not* incur a filing fee for this action.

Any non-lead plaintiff who *does* wish to participate in this action must so advise the Court and *either* prepay the full $400.00 filing fee or file a properly completed IFP motion. Each plaintiff who chooses to continue as a plaintiff in this action is obligated to pay his filing fee of $400.00 or file a properly completed IFP Motion on or before **December 7, 2015**. Failure to do so does *not* relieve that plaintiff of the obligation to pay a filing fee, unless he does not respond to this Order or he submits timely written notice of his intentions not to participate in this action.

In addition, the plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed in this Order shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff Graham, who shall be responsible for routing the Order to the "Block AA Offenders."

Further, the **CLERK** is **DIRECTED** to send a copy of this Order and a blank IFP motion to each of the following "Block AA Offenders" at St. Clair County Jail: **MICHAEL R. BROCK, FERNANDO MORGAN, JAMAV DELK, JAYLIN DTRUHAN, ARRICK NEWBERN, TRISTON J. ROBERTS, GERALD WHITTON, II, ANTHONY PARKS, CHARLES GRIFFIN, TIMOTHY JOHNSON, RICHIE CULBERSON, JAYLEN MAYS, JAMES DABBS, ERNEST WHITLEY, DANNY JULIAN, BRIAN PURSELL,** and **JOHNNIE WILLIAMS**. This does not, however, relieve Plaintiff Graham of his responsibility to notify these individuals of their obligation to communicate with the Court as directed above, if

they wish to participate in this action. Because the Court has no identifying information for these individuals, such as an identification number or current address, mail sent from the Court to these individuals at the Jail may not be properly delivered.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. When this review is completed, a copy of the Court's Order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each Block AA Offender who chooses to participate as a plaintiff in this action is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 2, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**