IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GRAHAM, Jr., # 432985, GERALD WHITTON, II, and BLOCK AA, <br><br>     Plaintiffs, <br><br>  vs. <br><br> RICHARD WATSON, PHILLIP McLAURIN, and UNKNOWN PARTY, <br><br>     Defendants. | ) ) ) ) ) ) ) ) Case No. 15-cv-01114-NJR ) ) ) ) ) ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is once again before the Court for case management. Plaintiff Tyrone Graham, Jr. filed the original complaint pursuant to 42 U.S.C. § 1983 on October 8, 2015. (Doc. 1). In the complaint, he alleges that all "Block AA Offenders" at St. Clair County Jail were subjected to unconstitutional conditions of confinement beginning on August 11, 2015. (Doc. 1, p. 5). On that date, thirty offenders were moved from Block AA to the gym when a light broke in their cell block. They were forced to share a single toilet and eat and sleep amidst pests on the gym floor. The only relief sought in the complaint is an Order requiring the Jail to return the Block AA Offenders to their cell block "with better living conditions." (*Id*. at 6).

The Court entered an initial order in this matter on November 2, 2015. (Doc. 7). In it, the Court pointed out that the action appeared to involve as many as thirty Block AA Offenders. The case caption referred to "Block AA" as a plaintiff. Documents attached to the complaint included the signatures of other Block AA Offenders. The statement of claim was written in the third person, and the request for relief pertained to all Block AA Offenders.

The Court therefore ordered all Block AA Offenders to advise the Court whether they wished to proceed together in group litigation. (Doc. 7). The Court first warned them of the risks and costs associated with pursuing their claims together in a single action. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). They were given until December 7, 2015, to respond.

Any non-lead plaintiff interested in participating in this group action was required to so advise the Court by the deadline and *either* prepay the full $400.00 filing fee or file a properly completed *in forma pauperis* ("IFP") motion. If, by that deadline, any non-lead plaintiff failed to communicate with the Court or indicated in writing that he was not interested in participating in this action, the Court explained that the plaintiff would *not* be considered a party to this action and would *not* incur a filing fee for the action.

In response, Gerald Whitton, II, filed a Motion for Leave to Proceed *In Forma Pauperis*, on November 30, 2015. (Doc. 17). His actions suggest that Plaintiff Whitton wishes to proceed with this group litigation. The "lead plaintiff," Tyrone Graham, filed a letter with the Court on December 2, 2015 (Doc. 18), in which he indicates that he no longer wants to proceed with group litigation. No other Block AA Offenders responded to the Order.

Given the conflicting information received from Plaintiffs Graham and Whitton, the Court will now require these two remaining plaintiffs to clarify how they wish to proceed with their claims. Until they do so, the Court will refrain from conducting its preliminary review of this matter pursuant to 28 U.S.C. § 1915A.

**IT IS HEREBY ORDERED** that, consistent with the Court's Order dated November 2, 2015 (Doc. 7), all Block AA Offenders other than Tyrone Graham and Gerald Whitton are **DISMISSED without prejudice** from this action. No filing fee is assessed against them in this case. They are free to pursue their claims in separate actions. Should they

choose to do so, each Plaintiff will be obligated to pay a filing in the newly-filed action.

The Clerk is **DIRECTED** to **TERMINATE** "Block AA" as a plaintiff in CM/ECF and send a copy of this Order to each of the "Block AA Offenders" at St. Clair County Jail: **TYRONE GRAHAM, MICHAEL R. BROCK, FERNANDO MORGAN, JAMAV DELK, JAYLIN DTRUHAN, ARRICK NEWBERN, TRISTON J. ROBERTS, GERALD WHITTON, II, ANTHONY PARKS, CHARLES GRIFFIN, TIMOTHY JOHNSON, RICHIE CULBERSON, JAYLEN MAYS, JAMES DABBS, ERNEST WHITLEY, DANNY JULIAN, BRIAN PURSELL,** and **JOHNNIE WILLIAMS**.

**IT IS FURTHER ORDERED** that the only two plaintiffs remaining in the action *at this time* are **TYRONE GRAHAM** and **GERALD WHITTON, II**.

Because it is not clear whether they wish to pursue their claims together or separately, Plaintiffs Graham and Whitton, II, are **ORDERED** to do the following on or before **February 16, 2016**:

1.      If Plaintiffs Graham and Whitton wish to proceed *together* in this action, they are **ORDERED** to file a single "First Amended Complaint," containing both of their names in the case caption and both of their signatures. The amended complaint must refer to this case number, Case No. 15-cv-01114-NJR, and include a letter asking the Court to allow Plaintiffs to proceed *together* in this action. If they choose this route, each Plaintiff shall be responsible for paying a filing fee for this action; *or*

2.      If Plaintiffs Graham and Whitton wish to proceed *separately* with their claims in two different actions, they are **ORDERED** to each file a *separate* "First Amended Complaint," containing only one Plaintiff's name in the case caption and that Plaintiff's signature. Each Plaintiff's amended complaint must refer to this case number, Case No. 15-cv-01114-NJR, but

include a letter asking the Court to allow Plaintiffs to proceed in two separate cases. Upon receipt of this letter and the two amended complaints, the Court will allow Plaintiff Graham to proceed with his claims in *this* case, and he shall pay a filing fee for this action. The Court will then sever Plaintiff Whitton's case into a separate action, assign a new case number in that action, and assess a filing fee in the newly-severed case only.

To ensure compliance with this Order, the Clerk is **DIRECTED** to send Plaintiff Graham and Whitton a blank civil rights complaint form for use is preparing an amended complaint. The Court strongly recommends that Plaintiffs use the form(s). The amended complaint supersedes and replaces the original complaint, rending it void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the amended complaint must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider.

Plaintiffs should label the form(s), "First Amended Complaint," and use the case number for *this* action. Both should refer to the constitutional or statutory ground(s) for relief, name the proper defendant(s), and include a request for relief (*e.g.*, monetary damages and/or injunctive relief). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiffs should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiffs should refrain from filing unnecessary exhibits and *include only related claims* in the amended complaint(s). Claims against different defendants that are found to be unrelated

to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Should one or both Plaintiffs fail to file his "First Amended Complaint" within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of that Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Finally, Plaintiffs Graham and Whitton are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 12, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**