IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GRAHAM, Jr., B-90105, and GERALD WHITTON, II, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 15-cv-01114-NJR ) |
| RICHARD WATSON, PHILLIP McLAURIN, and UNKNOWN PARTY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is again before the Court for case management. What began as an action involving almost thirty plaintiffs is now reduced an action involving only one, *i.e.*, Plaintiff Tyrone Graham, Jr. Although the Second Amended Complaint (Docs. 30-31) filed by Plaintiff Graham supports a claim for unconstitutional conditions of confinement against two high-ranking officials at St. Clair County Jail, the Second Amended Complaint is still subject to dismissal because Plaintiff Graham omitted a request for relief. The Court will grant him one *final* opportunity to amend the complaint before dismissing this action.

### Background

Plaintiff Graham filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials at St. Clair County Jail ("Jail") on October 8, 2015. In his original complaint, Plaintiff alleged that all "Block AA Offenders" endured unconstitutional conditions of confinement when they were housed in the Jail's gymnasium beginning on August 11, 2015. (Doc. 1, p. 5). He requested an Order requiring the Jail to return the Block AA Offenders to their

cell block "with better living conditions." (*Id*. at 6).

The original complaint referred to numerous additional plaintiffs. The case caption listed "Block AA Offenders" as plaintiffs. (*Id*. at 1). The narrative portion of the complaint was written in third person, and the request for relief pertained to all Block AA Offenders. (*Id*. at 5-6). Plaintiff filed a "petition" with the complaint that was signed by nineteen Block AA Offenders. (Doc. 1-1, p. 1). In addition, he filed a letter indicating that the Block AA Offenders wished to challenge the conditions of their confinement in group litigation. (Doc. 1, p. 7).

On November 2, 2015, the Court entered a preliminary order requiring all Block AA Offenders to advise the Court whether they wished to proceed together in group litigation. (Doc. 7). The deadline for responding to the Court's Order was December 7, 2015. Prior to the deadline, Plaintiff Gerald Whitton, Jr., filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 17). Plaintiff Graham filed a letter indicating that he wished to proceed on his own. (Doc. 18). No other plaintiffs responded to the Order.

The Court entered an Order dismissing all Block AA Offenders, other than Plaintiffs Graham and Whitton, without prejudice and without a filing fee on January 12, 2016. (Doc. 24). In addition, the Court ordered Plaintiffs Graham and Whitton to clarify their relative positions regarding group litigation on or before February 16, 2016. The Court specifically stated:

> Because it is not clear whether they wish to pursue their claims together or separately, Plaintiffs Graham and Whitton, II, are **ORDERED** to do the following on or before **February 16, 2016**:
>
> 1.  If Plaintiffs Graham and Whitton wish to proceed *together* in this action, they are hereby **ORDERED** to file a single "First Amended Complaint," containing both of their names in the case caption and both of their signatures. The amended complaint must refer to this case number, Case No. 15-cv-01114-NJR, and include a letter asking the Court to allow Plaintiffs to proceed *together* in this action. If they choose this route, each Plaintiff shall be responsible for paying a filing fee for this action; *or*

    2.    If Plaintiffs Graham and Whitton wish to proceed *separately* with their claims in two different actions, they are **ORDERED** to each file a *separate* "First Amended Complaint," containing only one Plaintiff's name in the case caption and that Plaintiff's signature. Each Plaintiff's amended complaint must refer to this case number, Case No. 15-cv-01114-NJR, but include a letter asking the Court to allow Plaintiffs to proceed in two separate cases. Upon receipt of this letter and the two amended complaints, the Court will allow Plaintiff Graham to proceed with his claims in *this* case, and he shall pay a filing fee for this action. The Court will then sever Plaintiff Whitton's case into a separate action, assign a new case number in that action, and assess a filing fee in the newly-severed case only.

(*Id*. at 3-4). The Court indicated that it would "refrain from conducting its preliminary review of this matter pursuant to 28 U.S.C. § 1915A," until Plaintiffs Graham and Whitton responded. (*Id*. at 2).

Plaintiff Whitton's copy of the Order was returned to the Court as undeliverable on January 25, 2016. (Doc. 26). Plaintiff Graham filed a letter on February 8, 2016, indicating that Plaintiff Whitton's whereabouts were unknown and that Plaintiff Graham wished to proceed as the only plaintiff in this action. (Doc. 29). Plaintiff Graham also filed a First Amended Complaint (Doc. 31), which he supplemented with a letter dated August 19, 2015. (Doc. 30).

Plaintiff Whitton shall be dismissed from this action for want of prosecution. FED. R. CIV. P. 41(b). The Court has received no communication from him since he filed an IFP motion on November 30, 2015. (Doc. 17). In each Order issued by this Court, Plaintiff Whitton was explicitly notified of his "continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address" and that "[f]ailure to comply with this Order . . . may result in dismissal of this action for want of prosecution." (Doc. 7, p. 7; Doc. 24, p. 5) (citing FED. R. CIV. P. 41(b)). The first of these Orders was sent to Plaintiff Whitton and not returned to the Court. (Doc. 7). The second was returned to the Court as undeliverable, and Plaintiff Whitton failed to notify the Court of a change in his address. Given the fact that his

current whereabouts are unknown and he has not communicated with the Court in months, Plaintiff Whitton cannot litigate this matter with Plaintiff Graham.

Instead, the Court will treat Plaintiff Whitton in the same manner it treated all other Block AA Offenders, who were dismissed from this action on January 12, 2016. (Doc. 24). Plaintiff Whitton shall be dismissed without prejudice and without the assessment of a filing fee. He is free to pursue his claims in a separate action, subject to the applicable statute of limitations[1] and the payment of a filing fee for a newly-filed case.

From this point forward, Plaintiff Graham shall proceed as the only plaintiff in this action. His First Amended Complaint (Doc. 31) and supplement dated August 19, 2015 (Doc. 30), will be considered together for screening purposes under 28 U.S.C. § 1915A. The Clerk will be directed to file these documents together as Plaintiff Graham's "Second Amended Complaint." The Second Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.

## Merits Review Under 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

---

[1] The statute of limitations for § 1983 actions in Illinois is two years. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the Second Amended Complaint survives review under § 1915A but runs afoul of Federal Rule of Civil Procedure 8(a)(3).

## Second Amended Complaint

According to the allegations, Plaintiff Graham was subjected to unconstitutional conditions of confinement at the Jail for "over 3 weeks" when a broken light in Block AA prompted Jail officials to house all offenders in the gymnasium. (Doc. 30; Doc. 31, p. 5). He describes the living quarters as "unfit." (*Id*.). Plaintiff Graham was "housed with 30 other offenders on boats, with the use of only one toilet." (*Id*.). In a supplemental letter dated August 19, 2015, he adds that he "ate on the floor." (Doc. 30). Plaintiff includes no request for relief. (Doc. 30; Doc. 31, p. 6).

**Discussion**

The Second Amended Complaint articulates a viable claim against Sheriff Watson and Major McLaurin, who are both high-ranking Jail officials, for subjecting Plaintiff Graham to unconstitutional conditions of confinement (**Count 1**). The applicable legal standard for this claim depends on Plaintiff Graham's status as a pretrial detainee or an inmate while he was housed at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Eighth Amendment applies to claims of inmates. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). This distinction makes little difference. The Court frequently looks to case law in both contexts for guidance when analyzing claims of unconstitutional conditions of confinement. *Id.*

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice*, 675 F.3d at 664).

Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842

(quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). At the early pleadings stage, the allegations in the Second Amended Complaint suggest that the conditions at the Jail may have violated constitutional norms, where Plaintiff was deprived of adequate sleeping, toilet, and eating facilities for at least three weeks. The Court's analysis does not end there, however.

In order to survive screening, the allegations must also suggest that a particular prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Although Sheriff Richard Watson, Major Phillip McLaurin, and other unknown "authorities" are named as defendants in the case caption, Plaintiff does not mention any of the defendants in the statement of claim (Doc. 31, p. 5) or the supplement (Doc. 30). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Section 1983 requires more by creating a cause of action based on personal liability and predicated upon fault. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). High-ranking officials can be held liable in their individual capacities for conditions that are systemic. This is because

high level officials are expected to have personal knowledge of general prison conditions. *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996)). Count 1 is subject to further review against Sheriff Watson and Major McLaurin on this basis.

The same cannot be said of the unknown officials. These defendants are not necessarily high-ranking officials. The statement of claim describes no personal involvement by these officials in an alleged constitutional deprivation. Therefore, Count 1 is subject to dismissal without prejudice against them.

Further, because the Second Amended Complaint includes no request for relief, Count 1 cannot proceed, at this time, against anyone. (Doc. 30; Doc. 31, p. 6). Rule 8(a)(3) of the Federal Rules of Civil Procedure requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." *See id*. Typically, plaintiffs seek monetary damages, injunctive relief, and/or declaratory judgment. Plaintiff Graham seeks no relief at all, and he must amend his complaint to include a request for relief.

Because Plaintiff Graham is no longer housed at the Jail, a request for injunctive relief appears to be moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be housed at the Jail under the conditions described in the Second Amended Complaint would it be proper for the Court to consider a request for injunctive relief. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). In

light of this, Plaintiff's request for relief presumably includes only a request for monetary damages, declaratory judgment, or both.

Without any request for relief, the Second Amended Complaint does not satisfy Rule 8(a)(3) and must be dismissed. The dismissal is without prejudice. Plaintiff Graham is granted leave to file a Third Amended Complaint, according to the deadline and instructions for doing so below.

### Pending Motions

**1.     Motion for Leave to Proceed *In Forma Pauperis* (Doc. 17)**

Plaintiff Whitton, II filed a Motion for Leave to Proceed *In Forma Pauperis*, which is **DENIED** as **MOOT**.

**2.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff Graham filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff admits that he has made no effort to secure counsel, and he should at least attempt to do so. Further, given the straightforward legal claim presented in the Second Amended Complaint, it is unclear why he is unable to proceed *pro se*, and he offers no reason. He has some college education and no language, health, and mental health barriers to proceeding

*pro se*. For these reasons, the motion is denied without prejudice. The Court remains open to future requests for counsel, however, if Plaintiff is unable to secure counsel on his own and adequately explains why he requires assistance in litigating this matter.

### Disposition

The Clerk is **DIRECTED** to **FILE** the First Amended Complaint (Doc. 31) and letter dated August 19, 2015 (Doc. 30) together as the "Second Amended Complaint" in CM/ECF.

**IT IS HEREBY ORDERED** that Defendant **GERALD WHITTON, II** is **DISMISSED** from this action without prejudice to any other action he chooses to file, subject to the applicable statute of limitations and payment of a filing fee in a newly-filed case. His filing fee obligation is this case is hereby **WAIVED**. The Clerk is **DIRECTED** to **TERMINATE** this defendant as a party to this action in CM/ECF.

**IT IS HEREBY ORDERED** that Plaintiff Tyrone Graham shall proceed as the only plaintiff in this action.

**IT IS ALSO ORDERED** that Plaintiff Graham's Second Amended Complaint (Docs. 30-31) is **DISMISSED without prejudice** because it includes no request for relief, in violation of Rule 8(a)(3).

**IT IS ALSO ORDERED** that Defendants **RICHARD WATSON**, **PHILLIP McLAURIN**, and **UNKNOWN PARTIES** are **DISMISSED** without prejudice.

Plaintiff Graham is **GRANTED** leave to file a "Third Amended Complaint" **on or before June 16, 2106.** Should Plaintiff fail to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should he decide to file a Third Amended Complaint, it is strongly recommended that Plaintiff Graham use the forms designed for use in this District for such actions. He should label the form, "Third Amended Complaint," and he should use the case number for *this* action, *i.e.*, Case No. 15-cv-01114-NJR. The Third Amended Complaint should focus on Plaintiff Graham's conditions of confinement claim against officials at St. Clair County Jail and related claims against these defendants. Plaintiff should present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the conditions of confinement claim will be severed into one or more additional cases, new case numbers will be assigned, and additional filing fees will be assessed in each case. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, along with a copy of the Second Amended Complaint (Docs. 30-31).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must file any exhibits he wishes the Court to consider along with the Third Amended Complaint. The Third Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff Graham is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 12, 2016**

*(signature)*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] Should Plaintiff's application to proceed *in forma pauperis* be denied, he shall also be assessed an additional administrative fee of $50.00, for a total filing and docketing fee of $400.00.