IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GRAHAM, Jr., B-90105, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01114-NJR |
| | ) |
| PHILLIP McLAURIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court for consideration is the Third Amended Complaint[1] (Doc. 35) filed by the only plaintiff who remains in this action, Tyrone Graham, Jr. Proceeding *pro se*, Plaintiff filed his Third Amended Complaint pursuant to 42 U.S.C. § 1983 against Phillip McLaurin, a major and/or superintendent of St. Clair County Jail ("Jail") located in Belleville, Illinois.[2] Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the Jail for a three-week period beginning on August 19, 2015 (Doc. 35, p. 5). After a light broke in Block AA, all offenders in that cell block were moved into the Jail's gymnasium. The living conditions were allegedly deplorable. More than thirty offenders were forced to sleep in boats on the gym floor. They were required to share a single toilet and eat off of the gym floor. Plaintiff now names a single defendant, *i.e.*, Superintendent McLaurin, in

---

[1] Plaintiff also filed a Motion for Leave to File Fourth Amended Complaint (Doc. 36), which this Court denied on June 17, 2016 (*see* Doc. 37). Plaintiff used a standard Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 to prepare the proposed pleading. Given his use of that form, it was unclear what course of action he intended to take. The Court provided Plaintiff with a standard civil rights complaint form for use in preparing and filing a proper Fourth Amended Complaint in this action and set a filing deadline of July 1, 2016. The Court advised Plaintiff that it would proceed with its preliminary review of the Third Amended Complaint (Doc. 35), if he failed to respond by the deadline (*id.*). Plaintiff did not respond. As a result, this screening order focuses on the Third Amended Complaint.

[2] For ease of reference, the Court will refer to this defendant as "Superintendent McLaurin" in this Order.

connection with his claim for unconstitutional conditions of confinement. He seeks monetary relief (*id.* at 6).

The Third Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff's unconstitutional conditions of confinement claim (**Count 1**) shall receive further review against Superintendent McLaurin. The applicable legal standard for this claim depends on Plaintiff's status as an arrestee, pretrial detainee, or a prisoner while he was housed at the Jail. The Fourth Amendment applies to claims brought by arrestees. The Fourteenth Amendment governs claims of pretrial detainees, and the Eighth Amendment applies to claims of inmates. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). However, the Court frequently looks to case law in the Eighth Amendment context when analyzing these claims. *Id.* Because the Third Amended Complaint articulates a claim under each of these standards, including the most stringent one (*i.e.*, the Eighth Amendment standard), Count 1 shall receive further review.

The Eighth Amendment prohibits cruel and unusual punishment. *Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). It is applicable to the states through the Fourteenth Amendment. *Id.* Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny offenders "the minimal

civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice*, 675 F.3d at 664)). The Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). The allegations suggest that the conditions at the Jail may have violated constitutional norms.

The allegations also suggest that a particular prison official, *i.e.*, Superintendent McLaurin, had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The doctrine of *respondeat superior* does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). High-ranking officials can be held liable in their individual capacities for conditions that are systemic because they are expected to have personal knowledge of general prison conditions. *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996)). Superintendent McLaurin is a high-ranking Jail official, who would be expected to know about the conditions that Plaintiff and thirty or more other offenders experienced in the Jail's gymnasium for a three-week period beginning on

August 19, 2015. Under the circumstances, the Third Amended Complaint articulates a viable claim for unconstitutional conditions of confinement against Superintendent McLaurin. **Count 1** survives preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **PHILLIP McLAURIN**. The Clerk of Court shall prepare for Defendant **McLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint (Doc. 35), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 17, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**