IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GRAHAM, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:15-cv-1114-NJR-DGW |
| PHILLIP MCLAURIN, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

A Motion to Dismiss (Doc. 46) filed by Defendant Phillip McLaurin is pending before the Court. For the reasons set forth below, the motion is denied.

## INTRODUCTION

Plaintiff, Tyrone Graham, filed a complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and "Block AA" inmates housed at the St. Clair County Jail. (Doc. 1). Graham alleged the inmates were subjected to unconstitutional conditions of confinement starting in August 1, 2015, when they were moved to the gym due to a broken light in their cellblock. (Doc. 1). After the Court issued a warning about the perils of proceeding with a joint claim, all other Plaintiffs were dismissed. (Docs. 24, 32). Graham was permitted to proceed on an individual claim that he was subjected to unconstitutional conditions of confinement for a three week period beginning on August 19, 2015.

The sole Defendant, Phillip McLaurin, who Graham identified as a superintendent or major, now seeks dismissal based on qualified immunity. McLaurin

argues Graham has not set forth any claim that he was personally involved in the constitutional deprivations and that Graham's "situation was temporary and localized." (Doc. 46, p. 5). Graham did not respond to the motion to dismiss within the 30 day time period set forth in Local Rule 7.1. When Graham was given an additional opportunity to respond and warned the failure to respond may result in dismissal, he still did not file a response. (Doc. 48). Despite Graham's failure, the Court declines to dismiss the case because it finds McLaurin's motion is without merit.

## BACKGROUND

Graham's third amended complaint consists of one paragraph in which he states he was subjected to conditions that included being housed in the gymnasium with "30 plus offenders," sleeping on a "boat," sharing one toilet, and sharing "eating quarters on the gymnasium floor." (Doc. 35, p. 5). Graham does not name McLaurin in the body of his complaint; rather, he is listed as "Defendant #1." There is no indication in the third amended complaint of what role McLaurin played in the conditions of Graham's confinement. As set forth in this Court's previous Order, however, by designating McLaurin as a high ranking official, a superintendent of the St. Clair County Jail, Graham impliedly asserts that McLaurin directed or condoned the unconstitutional conditions. (Doc. 38, pp. 3-4).

## DISCUSSION

McLaurin presents his motion to dismiss as based on qualified immunity. In *Saucier v. Katz,* 533 U.S. 194, 121 (2001), the Supreme Court set out a two-part test for qualified immunity. Specifically, a court must decide whether the facts, when viewed in

the light most favorable to the plaintiff, indicate: (1) the officer's conduct violated some constitutional right of the plaintiff; and (2) the constitutional right violated was "clearly established" at the time of the alleged violation. *Id.* The Court notes that while McLaurin cites the standard for qualified immunity, he fails to explain why Graham's claims fail this test. (Doc. 46). Rather, McLaurin's basic contention is that there is no allegation that he was involved, personally or otherwise, in the constitutional deprivation. Thus, the Court will proceed on McLaurin's more general claim under Federal Rule of Civil Procedure 12(b)(6), rather than analyzing whether McLaurin is entitled to qualified immunity.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal of an action under this rule is warranted where a plaintiff is unable to prove any set of facts that would entitle them to relief. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not include detailed factual allegations, there must be enough to raise a right to relief above the speculative level. *Id.* at 555. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). When reviewing the sufficiency of a complaint, a court must "accept the well-pleaded facts in the complaint as true, but

'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Further, allegations in a *pro se* complaint are held to less stringent standards, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and are to be liberally construed, *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

Here, when liberally construed, Graham has pled sufficient facts to survive a motion to dismiss. McLaurin is correct that the third amended complaint does not set forth any specific allegation that McLaurin was personally involved in Graham's housing situation—there is no statement that it occurred at his direction or with his knowledge or consent. (Doc. 35, p. 5). To recover damages under § 1983, a plaintiff must establish the defendant was personally responsible for deprivation of the constitutional right. *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir. 1994). An official satisfies the personal responsibility requirement of § 1983, however, where the constitutional deprivation occurs at the direction or with the knowledge and consent of the official. *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985). Where an official knows of, facilitates, approves, condones or turns a blind eye to unconstitutional conduct, they can be held personally responsible. *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). As this Court previously found, by designating McLaurin as a high ranking official, a superintendent of the St. Clair County Jail, Graham impliedly asserts that McLaurin directed or condoned the unconstitutional conditions. (Doc. 38, pp. 3-4).

McLaurin nonetheless argues that because Graham's situation was "localized"

and brief, it cannot be assumed McLaurin was aware of the situation. (*See* Doc. 46, p. 4). McLaurin relies on *Steidl v. Gramley*, to argue this situation was an "isolated failure" that does not create liability in an administrator. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). *Steidl*, however, involved a single incident of assault between prisoners. *Id.* at 740. The Seventh Circuit found that because wardens are not involved in the day-to-day operations of the prison, the warden could not be liable for a single isolated failure of subordinates to protect a prisoner. *Id.* at 741. Conversely, here the scope of the situation in Graham's case—30 or more inmates being housed in the prison's gym for a three week period—was sufficiently systematic to allow an inference that the superintendent of the jail would be aware of, if not directly responsible for, the situation. (Doc. 35, p. 5). Thus, Graham's third amended complaint is sufficiently pled to avoid dismissal.

Pursuant to Federal Rule of Civil Procedure 12(e), however, the Court is ordering Graham to provide a more definite statement of his claim. Graham vaguely asserts that he was subjected to certain living conditions, housing in a gym, sleeping in a boat (which the Court assumes is a cot), sharing a toilet, and being compelled to "share eating quarters on the gymnasium floor." Each of these individual conditions are, on their own, unlikely to rise to the level of a constitutional deprivation. The Supreme Court has stated:

> *Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, *but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need* such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.

*Wilson v. Seiter*, 501 U.S. 294, 304–05 (1991) (emphasis added).

Graham's third amended complaint does not explain how the conditions he suffered impacted an identifiable human need. **Graham is therefore ordered to provide the Court with a more definite statement addressing the missing information in his third amended complaint, no later than <u>October 6, 2017</u>. Failure to do so shall result in the striking of the third amended complaint and dismissal of this suit.**

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss filed by Defendant Phillip McLaurin (Doc. 46) is **DENIED**. Graham is **ORDERED** to submit a more definite statement **no later than October 6, 2017**.

**IT IS SO ORDERED.**

DATED:   September 18, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**